

**FILED**

DEC - 4 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 17, 2014

<u>Submitted Ex Parte, Under Seal and In Camera</u>
The Honorable Emmet G. Sullivan
United States District Judge
United States District Court for the
     District of Columbia

Re:     <u>United States v. Juan Floyd, et al.</u>
        Criminal No. 13-305 (EGS)

Dear Judge Sullivan:

    Pursuant to the Court's Order, issued on November 14, 2014 [ECF No. 543], the United

States Attorney's Office for the District of Columbia ("USAO-DC") and the United States

Attorney's Office for the Eastern District of Pennsylvania ("USAO-EDPA") hereby submit this

letter and its attachments to the Court for the Court's ex parte, under seal, and in camera review.

We write to provide the Court with additional information about the alleged misconduct of a

special agent of the Federal Bureau of Investigation ("FBI") and that agent's role in the

government's investigation of the defendants charged in the above-captioned cases.  As the

Court is aware, FBI Special Agent Matthew Lowry is under investigation for alleged tampering

with evidence.   The alleged tampering includes tampering with narcotics evidence and

mishandling firearm evidence seized during investigations.  Agent Lowry has been suspended.

1

The USAO-EDPA, in conjunction with the Department of Justice's Office of the Inspector General ("DOJ-OIG"), is conducting a criminal investigation into Agent Lowry's alleged misconduct  As is the general practice at the Department of Justice when a federal agent is under criminal investigation, the prosecuting office where the agent regularly works (in this case the USAO-DC) has been recused from that criminal investigation

To be clear, the USAO-DC is responsible for the Department's decisions about whether and how to proceed with pending criminal cases, in light of Agent Lowry's alleged misconduct  The USAO-EDPA is responsible for the Department's decisions about how to conduct the criminal investigation of Agent Lowry  Nonetheless, mindful of the USAO-DC's disclosure obligations pursuant to this Court's Orders, controlling legal precedent, criminal rules and statutes, and the Department's policies, the USAO-DC and the USAO-EDPA are and have been in very close communication, so that the USAO-DC can meet those disclosure obligations

We write jointly, because we respectfully request an opportunity to discuss with the Court later today, either in an ex parte, under seal hearing or an ex parte, under seal chambers conference with a court reporter, the information contained in this letter  In such a setting, we would propose doing the following  First, we would describe for the Court the roles of our respective Offices, Agent Lowry's alleged misconduct, and the status of the criminal investigation of Agent Lowry  Second, we would explain the contents of this letter, including the attachments to it  (a) the FBI listing of items found in Agent Lowry's FBI vehicle, (b) the FBI report of its review of its records related to Agent Lowry, and (c) our proposed disclosure to defense counsel and the defendants in this case, pursuant to a Protective Order  Third, we would be accompanied by the lead Assistant United States Attorney overseeing the criminal

2

investigation of Agent Lowry, to assist in responding to any factual questions that the Court may have regarding disclosure issues, as well as representatives of the DOJ-OIG and the FBI's Washington Field Office ("FBI WFO")

## A.    Agent Lowry's Alleged Misconduct

1    Evidence Found in Agent Lowry's FBI Vehicle

According to information provided by the FBI WFO, Agent Lowry and his FBI vehicle were discovered on the evening of September 29, 2014, in the S E quadrant of Washington, D C , and Agent Lowry appeared to be under the influence of narcotics  A subsequent search of Agent Lowry's FBI vehicle, begun on September 30, 2014, uncovered narcotics and firearms evidence seized in connection with criminal investigations  Much of that seized evidence was associated with specific criminal cases  There was no apparent law-enforcement purpose for any of these items of evidence to be in Agent Lowry's FBI vehicle

An FBI listing of the items found in the search of Agent Lowry's FBI vehicle is attached hereto as Attachment A  Below we summarize what appear to be the most significant items of evidence, organized by the specific criminal cases with which the items are associated

a    United States v Pryor, et al , 13-cr-318 (RBW)  Evidence associated with these cases found in Agent Lowry's FBI vehicle included·  opened and unopened bags and capsules of heroin evidence (aggregate[1] weight as recorded at the time of the original seizure over 150 grams), cellular telephones, and a handwritten note with an evidence control number related to the seizure and forfeiture of $4,700 in U S currency  Please note that the USAO-DC moved to dismiss all of the charges against, and agreed to vacate any convictions of, the fourteen

---

[1] "Aggregate weight" may include packaging material at the time of seizure and additional evidence packaging at the time of storage and analysis

defendants in these cases   The Court granted the USAO-DC's request   Those fourteen

defendants are·  Lester Pryor, Earl Owens, Duwayne Tutt, Chris Merriweather, James Burkley,

Tyrone Payton, Kevin Whitman, Patrick Avent, Anthony McDuffie, Tamina Pryor, Brandon

Beale, Aubrey Bennett, George Ball, and Lloyd Lomax

       b      United States v  Castillo, et al., 12-cr-270, 12-cr-271, 13-cr-279 (JEB)

Evidence associated with these cases found in Agent Lowry's FBI vehicle included   an opened

bag of heroin evidence (weight as recorded at the time of the original seizure  over 27 grams)

and an unopened bag of heroin evidence (weight as recorded at the time of the original seizure.

over 365 grams)   Please note that the USAO-DC moved to dismiss all of the charges against,

and agreed to vacate any convictions of, fourteen defendants in these cases   The Court granted

the USAO-DC's request   Those fourteen defendants are  Angel Castillo, Michael Proctor,

Donald Duren, Alvin Banks, Jose Rodriguez, Stephen Scales, Lawrence Baylor, Merle Watson,

Albert Briscoe, Harold Smith, Anthony Coachman, Dwayne Morgan, Maurice Abney, and

Harley Morgan [2]

       c      United States v  Floyd, et al , 13-cr-305 (EGS)   Evidence associated with

these cases found in Agent Lowry's FBI vehicle included·  two firearms, a glass jar containing a

green leafy substance believed to be narcotics; bags of ammunition and magazines with

ammunition, and a digital scale, along with the original paperwork pertaining to the seizure of

these items in connection with the execution of two search warrants on November 20, 2013, in

---

[2] The USAO-DC also moved to dismiss all of the charges against all of the defendants in United States v  Borges, et al., 14-cr-71 (RJL), based on Agent Lowry's role in that underlying investigation  Although no evidence from that investigation was found in his FBI vehicle, Agent Lowry played a significant role in the execution of search warrants central to the investigation

Deale, Maryland   Please note that, as explained further below, the USAO-DC has not moved to dismiss any charges in these cases, based on Agent Lowry's limited role in the underlying investigation.

d       Other items not currently known to be associated with a specific investigation or case found in Agent Lowry's FBI vehicle included·  opened and unopened bags of heroin and a container labeled "creatine" with latex gloves inside

2       FBI Review of Records

According to information provided by the FBI WFO, following the discovery of Agent Lowry and the items of evidence in Agent Lowry's FBI vehicle, the FBI WFO conducted a review of its records (informally referred to as an "audit").  That review uncovered anomalies regarding Agent Lowry's apparent handling of evidence seized in connection with criminal investigations  Some of these anomalies were associated with specific criminal cases.

An FBI report of its review related to Agent Lowry is attached hereto as Attachment B [3] Below we summarize what appear to be the most significant findings from that review, organized by the specific criminal cases with which those findings are associated

a       United States v  Pryor, et al , 13-cr-318 (RBW)   FBI records reflect that on three occasions in August/September 2013, Agent Lowry checked out heroin evidence from

---

[3] The court cases associated with the FBI file numbers in Attachment B are listed below, all but the last of which are identified in the body of this letter

245D-WF-245455 (United States v  Floyd, et al , 13-cr-305 (EGS)),
245D-WF-2766446 (United States v  Pryor, et al , 13-cr-318 (RBW)),
245D-WF-244161 (United States v  Castillo, et al , 12-cr-270, 12-cr-271, 13-cr-279 (JEB)),
245D-WF-244309 (United States v  Jones, et al , 12-cr-239 (RBW)),
245-WF-2850987 (United States v  Borges, et al , 14-cr-71 (RJL)), and
245D-WF-244401 (United States v  Anderson, et al , 12-cr-253, -255, -256, 13-cr-232 (EGS))

the FBI WFO's evidence control center for purposes of submitting it to the Drug Enforcement Administration ("DEA") for analysis, and did not submit the heroin evidence to the DEA until June 2014  When submitted, the DEA recorded the weight of the evidence as greater than the weight as measured at the time of seizure (aggregate weight as recorded at the time of the original seizure, over 530 grams)  The DEA also discovered that the heroin evidence tested positive for heroin and creatine in one instance, and the evidence control sticker appeared to be damaged  FBI records further reflect that on one occasion in January 2014, Agent Lowry checked out heroin evidence from the FBI WFO's evidence control center for purposes of submitting it to the DEA for analysis, did not submit the heroin evidence to the DEA until June 2014, and the DEA discovered that the heroin evidence tested positive for heroin and creatine (weight as recorded at the time of the original seizure approximately 775 grams)  FBI records further reflect that Agent Lowry submitted $736 in U S currency that was seized on December 12, 2013, as evidence, and there is no corresponding record of the submission of that evidence to the FBI WFO's evidence control center

       b     <u>United States v Floyd, et al.</u>, 13-cr-305 (EGS)  As noted above, the original paperwork pertaining to the seizure of evidence in connection with the execution of two search warrants on November 20, 2013, in Deale, Maryland, was found in Agent Lowry's FBI vehicle  FBI records reflect that evidence seized in those searches and later found in Agent Lowry's FBI vehicle was never submitted to the FBI WFO's evidence control center  Those items included the two firearms, the glass jar containing a green leafy substance believed to be narcotics, the bags of ammunition and magazines with ammunition, and the digital scale

       c     <u>United States v Jones, et al</u>, 12-cr-239 (RBW)  FBI records reflect that

Case 1:13-cr-00305-EGS   Document 584   Filed 12/04/14   Page 7 of 37

with respect to heroin evidence seized on November 8, 2012, the evidence control sticker was damaged. FBI records also reflect that with respect to heroin evidence seized on August 7, 2013, the evidence seal signatures appear to have been forged and the evidence control sticker appears to have a different number than the one recorded for this evidence by the FBI WFO's evidence control center. Please note that, as in United States v. Floyd, et al., 13-cr-305 (EGS), the USAO-DC has not moved to dismiss any charges in these cases, based on Agent Lowry's limited role in the underlying investigation.

        d.    FBI records reflect other anomalies associated with Agent Lowry's apparent handling of other evidence seized in investigations not currently known to be associated with a specific case. These anomalies included delays in submitting narcotics and other evidence to the FBI WFO's evidence control center and failures to submit such evidence to the FBI WFO's evidence control center.

**B.   Agent Lowry's Role in the Investigation of these Cases**

To our knowledge, Agent Lowry's role in the investigation of these cases was limited to assisting in its large-scale "takedown," specifically the execution of two search warrants on November 20, 2013, in Deale, Maryland. Agent Lowry was the team leader for these searches. The searches were for the residence in Deale, Maryland, of a co-defendant in the above-captioned case and a vehicle in Deale, Maryland, used by that co-defendant. That co-defendant is defendant Mike Johnson (United States v. Johnson, 14-cr-116 (EGS)), and his case remains under seal. The evidence seized during these searches included the evidence found in Agent Lowry's FBI vehicle described above (i.e., two firearms, a glass jar containing a green leafy substance believed to be narcotics, bags of ammunition and magazines with ammunition, and a

7

digital scale) and an additional twelve firearms

The USAO-DC has reviewed its records and concluded that none of the evidence seized during the execution of the search warrants on November 20, 2013, in Deale, Maryland, has been used against any of the defendants charged in the overall investigation   Specifically, none of the defendants were charged in any indictment or information with any offense that involved that evidence  Moreover, that evidence was not relied upon in any factual proffers, and it was not used to establish relevant conduct for any of the defendants who have pled guilty

With the respect to all other narcotics and physical evidence in this matter – not associated with Agent Lowry – the USAO-DC will make the evidence and the original chain-of-custody reports associated with the evidence available for inspection upon request   With respect to the narcotics evidence specifically, the USAO-DC will re-submit the narcotics evidence to the DEA for additional examination upon request

Sincerely,


RONALD C. MACHEN JR.
UNITED STATES ATTORNEY


Jonathan M Malis
Criminal Chief
United States Attorney's Office
District of Columbia

ZANE MEMEGER
UNITED STATES ATTORNEY


Peter Schenck
Criminal Chief
United States Attorney's Office
Eastern District of Pennsylvania


8

ATTACHMENT A

Unredacted document filed <u>ex parte</u>, under seal and <u>in camera</u> with the Court

**ATTACHMENT B**

Unredacted document filed <u>ex parte</u>, under seal and <u>in camera</u> with the Court

**ATTACHMENT C**



U S. Department of Justice

Ronald C  Machen Jr
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St , N W*
*Washington D C  20530*

November __, 2014

[LIST ALL COUNSEL]

      Re    <u>United States v  Juan Floyd, et al</u>
            Criminal No  13-305 (EGS)

Dear Counsel

      Pursuant to a Protective Order issued by the Court in the above-captioned cases, on November __, 2014, we write to provide you with additional information about the alleged misconduct of a special agent of the Federal Bureau of Investigation ("FBI") and that agent's role in the government's investigation of the defendants charged in these cases   As you are aware, FBI Special Agent Matthew Lowry is under investigation for alleged tampering with evidence   The alleged tampering includes tampering with narcotics evidence and mishandling firearm evidence seized during investigations   Agent Lowry has been suspended   The United States Attorney's Office for the Eastern District of Pennsylvania ("USAO-EDPA"), in conjunction with the Department of Justice's Office of the Inspector General ("DOJ-OIG"), is conducting a criminal investigation into Agent Lowry's alleged misconduct   As is the general practice at the Department of Justice when a federal agent is under criminal investigation, the prosecuting office where the agent regularly works (in this case the United States Attorney's

1

Office for the District of Columbia ("USAO-DC")) has been recused from that criminal investigation

To be clear, the USAO-DC is responsible for the Department's decisions about whether and how to proceed with pending criminal cases, in light of Agent Lowry's alleged misconduct The USAO-EDPA is responsible for the Department's decisions about how to conduct the criminal investigation of Agent Lowry   Nonetheless, mindful of the USAO-DC's disclosure obligations pursuant to this Court's Orders, controlling legal precedent, criminal rules and statutes, and the Department's policies, the USAO-DC and the USAO-EDPA are and have been in very close communication, so that the USAO-DC can meet those disclosure obligations

In consultation with the USAO-EDPA, DOJ-OIG, and the FBI, the USAO-DC provides you with the following additional information, including the attachments to this letter   Please note that the redactions to those attachments have been authorized by the Court

**A.    Agent Lowry's Alleged Misconduct**

     1      Evidence Found in Agent Lowry's FBI Vehicle

According to information provided by the FBI WFO, Agent Lowry and his FBI vehicle were discovered on the evening of September 29, 2014, in the S E  quadrant of Washington, D C , and Agent Lowry appeared to be under the influence of narcotics  A subsequent search of Agent Lowry's FBI vehicle, begun on September 30, 2014, uncovered narcotics and firearms evidence seized in connection with criminal investigations   Much of that seized evidence was associated with specific criminal cases   There was no apparent law-enforcement purpose for any of these items of evidence to be in Agent Lowry's FBI vehicle.

A redacted FBI listing of the items found in the search of Agent Lowry's FBI vehicle is attached hereto as Attachment A   Below we summarize what appear to be the most significant items of evidence, organized by the specific criminal cases with which the items are associated

2

a      United States v. Pryor, et al., 13-cr-318 (RBW).  Evidence associated with these cases found in Agent Lowry's FBI vehicle included   opened and unopened bags and capsules of heroin evidence (aggregate[1] weight as recorded at the time of the original seizure over 150 grams), cellular telephones, and a handwritten note with an evidence control number related to the seizure and forfeiture of $4,700 in U.S. currency   Please note that the USAO-DC moved to dismiss all of the charges against, and agreed to vacate any convictions of, the fourteen defendants in these cases   The Court granted the USAO-DC's request   Those fourteen defendants are   Lester Pryor, Earl Owens, Duwayne Tutt, Chris Merriweather, James Burkley, Tyrone Payton, Kevin Whitman, Patrick Avent, Anthony McDuffie, Tamina Pryor, Brandon Beale, Aubrey Bennett, George Ball, and Lloyd Lomax

b      United States v. Castillo, et al., 12-cr-270, 12-cr-271, 13-cr-279 (JEB)   Evidence associated with these cases found in Agent Lowry's FBI vehicle included   an opened bag of heroin evidence (weight as recorded at the time of the original seizure, over 27 grams) and an unopened bag of heroin evidence (weight as recorded at the time of the original seizure over 365 grams)   Please note that the USAO-DC moved to dismiss all of the charges against, and agreed to vacate any convictions of, fourteen defendants in these cases   The Court granted the USAO-DC's request.   Those fourteen defendants are   Angel Castillo, Michael Proctor, Donald Duren, Alvin Banks, Jose Rodriguez, Stephen Scales, Lawrence Baylor, Merle Watson, Albert Briscoe, Harold Smith, Anthony Coachman, Dwayne Morgan, Maurice Abney, and Harley Morgan[2]

---

[1] "Aggregate weight" may include packaging material at the time of seizure and additional evidence packaging at the time of storage and analysis

[2] The USAO-DC also moved to dismiss all of the charges against all of the defendants in United States v. Borges, et al., 14-cr-71 (RJL), based on Agent Lowry's role in that underlying investigation   Although no evidence from that investigation was found in his FBI vehicle, Agent Lowry played a significant role in the execution of search warrants central to the investigation

3

c.    United States v Floyd et al, 13-cr-305 (EGS). Evidence associated with these cases found in Agent Lowry's FBI vehicle included two firearms, a glass jar containing a green leafy substance believed to be narcotics, bags of ammunition and magazines with ammunition, and a digital scale, along with the original paperwork pertaining to the seizure of these items in connection with the execution of two search warrants on November 20, 2013, in Deale, Maryland. Please note that, as explained further below, the USAO-DC has not moved to dismiss any charges in these cases, based on Agent Lowry's limited role in the underlying investigation.

d.    Other items not currently known to be associated with a specific investigation or case found in Agent Lowry's FBI vehicle included: opened and unopened bags of heroin and a container labeled "creatine" with latex gloves inside

2.    FBI Review of Records

According to information provided by the FBI WFO, following the discovery of Agent Lowry and the items of evidence in Agent Lowry's FBI vehicle, the FBI WFO conducted a review of its records (informally referred to as an "audit"). That review uncovered anomalies regarding Agent Lowry's apparent handling of evidence seized in connection with criminal investigations. Some of these anomalies were associated with specific criminal cases

A redacted FBI report of its review related to Agent Lowry is attached hereto as Attachment B [3] Below we summarize what appear to be the most significant findings from that review, organized by the specific criminal cases with which those findings are associated

---

[3] The court cases associated with the FBI file numbers in Attachment B are listed below, all but the last of which are identified in the body of this letter
245D-WF-245455 (United States v Floyd, et al, 13-cr-305 (EGS)),
245D-WF-2766446 (United States v Pryor, et al, 13-cr-318 (RBW)),
245D-WF-244161 (United States v Castillo, et al, 12-cr-270, 12-cr-271, 13-cr-279 (JEB)),
245D-WF-244309 (United States v Jones, et al, 12-cr-239 (RBW)),
245-WF-2850987 (United States v Borges et al, 14-cr-71 (RJL)), and
245D-WF-244401 (United States v Anderson, et al, 12-cr-253, -255, -256, 13-cr-232 (EGS))

a   United States v Pryor, et al, 13-cr-318 (RBW)   FBI records reflect that on three occasions in August/September 2013, Agent Lowry checked out heroin evidence from the FBI WFO's evidence control center for purposes of submitting it to the Drug Enforcement Administration ("DEA") for analysis, and did not submit the heroin evidence to the DEA until June 2014   When submitted, the DEA recorded the weight of the evidence as greater than the weight as measured at the time of seizure (aggregate weight as recorded at the time of the original seizure, over 530 grams)   The DEA also discovered that the heroin evidence tested positive for heroin and creatine in one instance, and the evidence control sticker appeared to be damaged   FBI records further reflect that on one occasion in January 2014, Agent Lowry checked out heroin evidence from the FBI WFO's evidence control center for purposes of submitting it to the DEA for analysis, did not submit the heroin evidence to the DEA until June 2014, and the DEA discovered that the heroin evidence tested positive for heroin and creatine (weight as recorded at the time of the original seizure, approximately 775 grams)   FBI records further reflect that Agent Lowry submitted $736 in U S  currency that was seized on December 12, 2013, as evidence, and there is no corresponding record of the submission of that evidence to the FBI WFO's evidence control center

b   United States v Floyd, et al, 13-cr-305 (EGS)   As noted above, the original paperwork pertaining to the seizure of evidence in connection with the execution of two search warrants on November 20, 2013, in Deale, Maryland, was found in Agent Lowry's FBI vehicle   FBI records reflect that evidence seized in those searches and later found in Agent Lowry's FBI vehicle was never submitted to the FBI WFO's evidence control center   Those items included the two firearms, the glass jar containing a green leafy substance believed to be narcotics, the bags of ammunition and magazines with ammunition, and the digital scale

c   United States v Jones  et al., 12-cr-239 (RBW)   FBI records reflect that

5

with respect to heroin evidence seized on November 8, 2012, the evidence control sticker was damaged  FBI records also reflect that with respect to heroin evidence seized on August 7, 2013, the evidence seal signatures appear to have been forged and the evidence control sticker appears to have a different number than the one recorded for this evidence by the FBI WFO's evidence control center  Please note that, as in <u>United States v  Floyd, et al</u>, 13-cr-305 (EGS), the USAO-DC has not moved to dismiss any charges in these cases, based on Agent Lowry's limited role in the underlying investigation

        d  FBI records reflect other anomalies associated with Agent Lowry's apparent handling of other evidence seized in investigations not currently known to be associated with a specific case  These anomalies included delays in submitting narcotics and other evidence to the FBI WFO's evidence control center and failures to submit such evidence to the FBI WFO's evidence control center

**B.**  **Agent Lowry's Role in the Investigation of these Cases**

To our knowledge, Agent Lowry's role in the investigation of these cases was limited to assisting in its large-scale "takedown," specifically the execution of two search warrants on November 20, 2013, in Deale, Maryland.  Agent Lowry was the team leader for these searches  The searches were for the residence in Deale, Maryland, of a co-defendant in the above-captioned case and a vehicle in Deale, Maryland, used by that co-defendant  The evidence seized during these searches included the evidence found in Agent Lowry's FBI vehicle described above (i e , two firearms, a glass jar containing a green leafy substance believed to be narcotics, bags of ammunition and magazines with ammunition, and a digital scale) and an additional twelve firearms

The USAO-DC has reviewed its records and concluded that none of the evidence seized during the execution of the search warrants on November 20, 2013, in Deale, Maryland, has been

used against any of the defendants charged in the overall investigation. Specifically, none of the defendants were charged in any indictment or information with any offense that involved that evidence  Moreover, that evidence was not relied upon in any factual proffers, and it was not used to establish relevant conduct for any of the defendants who have pled guilty

With the respect to all other narcotics and physical evidence in this matter – not associated with Agent Lowry – the USAO-DC will make the evidence and the original chain-of-custody reports associated with the evidence available for inspection upon request  With respect to the narcotics evidence specifically, the USAO-DC re-submit the narcotics evidence to the DEA for additional examination upon request.

Sincerely,

_____
Assistant United States Attorney
United States Attorney's Office
District of Columbia

7

ATTACHMENT A (REDACTED)

Vehicle Search ███████████████

09/30/2014 – 10/01/2014

1       Plastic Baggie with green dollar signs containing tan residue

2       K-pac, sliced open and drugs removed,  with a typed 1 page sheet inside.
        FD-723
        File # 281D-WF-244794  1B11
        Date of Seizure  1/17/12
        Sealing Official ████████
        Witnessing Official ████████
        Total Drug Package Weight 38 9g
        Barcode E4857012

3       Sealed K-pac containing 4 small plastic baggies and tan residue  K-pac is torn open. K-
        pac bears case #245D-WF-2766446 1B56,
        barcode E4433546

4       Sealed K-pac containing 1B141 from case #245D-WF-244161, barcode E4644871
        Evidence described as "One sealed plastic evidence bag #AA084784, containing
        plastic bag, containing two bags of heroin "
        FD-723 total drug package weight 365 8 g.

5       Ziploc baggie containing tampered ziploc baggie with DEA label, case # 281D-WF-
        244294, containing tan residue

6       Sealed evidence bag sliced open, containing 2 baggies with tan residue, Marked case
        # 245D-WF-2766446 item 16, dated 12/12/13.

7       Open K-pac containing search label from 245D-WF-245455
        11/30/2013
        908 Main Street, Deale, MD (Mike Johnson)
        One bag containing ammo, Room C
        Located by Lowery
        Seized ████████

8          Tampered paper evidence bag (unknown contents) labeled 245D-WF-2766446
           5/22/14
           3298 Fort Lincoln Drive #322, WDC
           2 bottles labeled quinine containing a white powdery substance,
           Located by ████████
           Seized by SA Lowry


9          Plastic bag with white powder substance
9A         38 red caplets which were contained in N O  Fury bottle

10         Silver case containing handgun
           SN 292912
           Davis Industries Model D22
           And evidence labeled 245D-WF-245455, 11/20/2013, 908 Main Street, Deale, MD,
           Subj Mike Johnson
           Located by Lowery
           Seized by ████████

11         Evidence copy of evidence chain of custody for 245D-WF-2766446
           1B56
           Description. Seven baggies with heroin and heroin residue
           Barcode E4433546
           SA Lowry accepted custody on 9/29/14 at 3 50pm for AUSA review


12         Tampered K-pac bag (contents removed) from 245D-WF-2766446
           1B84
           Total Drug Pkg Weight· 63 3g
           Barcode E4858674


13         Remington 870 Express Magnum Shotgun
           Serial # D788190M
14         2 baggies with residue
15         Unsealed K-pac containing glass jar with green leafy substance and evidence label
           245D-WF-245455  908 Main Street, Deale, MD, 11/20/2013

16   11 magazines with unknown of ammo and evidence label from 245D-WF-245455
     11/20/2013
     908 Main Street, Deale, MD (Mike Johnson)
     Description: (13) magazines containing rounds of ammunition
     Located by Lowery
     Seized by ████████████

17   Unsealed K-pac containing baggie with white residue
18   Tampered K-pac bag (contents removed) from 245D-WF-2766446
     1B85
     12/12/13
     Total Drug Weight: 39 3
     Barcode E4858673

19   Tampered evidence bag (contents removed) from 245D-WF-2766446
     Item # 17
     12/12/13
     No description
     Seized by ███████████

20   DEA 7 Form
     Prepared for 4/8/14
     245D-WF-2766446
     Alleged drugs. Heroin
     Contact SA Matt Lowry
     703-789-6118

21   Evidence chain of custody for 245D-WF-2766446
     1B85
     Description. 2 clear capsules with brown substance inside
     SA Lowry accepted custody on 7/3/14 at 3 25pm for review
     Barcode E4858673

22   K-pac, sliced open & drugs removed, with a handwritten 1 page sheet inside.
     FD-723:
     File # 245D-WF-244161 1B135
     Date of Seizure: 10/12/12
     Sealing Official ████████████
     Witnessing Official - unreadable
     Total Drug Pkg Weight 56.7g
     Barcode E4858059

23    Evidence chain of custody for 245D-WF-2766446
      1B84
      Description· 2 small clear baggies, 1 with brown powder and 1 with residue
      SA Lowry accepted custody on 9/3/14 at 9.25pm to review
      Barcode E4858674                        .

24    Evidence chain of custody for 245D-WF-2766446
      1B250
      Description  several bags containing a brown and white substance
      SA Lowry accepted custody on 8/25/14 at 10·23am to review
      Barcode E4858794

25    Evidence chain of custody for 245D-WF-2766446
      1B8Description  1 bag of brown powdery substance weighing 28 5 grams
      SA Lowry accepted custody on 9/9/14 at 12 25pm to review
      Barcode E4858342

26    Evidence chain of custody for 245D-WF-244161
      1B135
      Description· 27 3 grams of heroin
      SA Lowry accepted custody on 9/15/14 at 9 40am to lab
      Barcode E4858059

27    Sealed K-pac sliced open containing plastic bags  FD-723 labeled 245D-WF-2766446
      1B250, Total drug package weight 44.0 grams.

28    Evidence folder for 245D-WF-2766446 1B103
      Barcode E5080783
      Containing tampered evidence bag still containing LG smartphone
      Seized 12/12/2013

29    Evidence folder for 245D-WF-2766446 1B105
      Barcode E5080781
      Containing tampered evidence bag still containing dark blue Samsung mobile phone
      Seized 12/12/2013

| | |
|---|---|
| 30 | Digital scale with residue and evidence labeled.<br>245D-WF245455<br>Seized 11/20/2013<br>908 Main Street, Deale, MD (Mike Johnson)<br>Located by Lowery<br>Seized by ████████ |
| 31 | (2) white papers (rolled) |
| 32 | Two pieces white paper (rolled) with yellow stain. |
| 33 | 1 magazine with unknown amount of ammo |
| 34 | Envelope with 7 evidence chain of custodies for 245D-WF-2766446<br>1B101 through 1B107<br>All seized on 12/12/2013 from 19166 Valley Terrace SE, WDC<br>Barcodes E5080785, E5080784, E5080783, E5080782, E5080781, E5080780,<br>E5080788 |
| 35 | Evidence filter |
| 36 | 5 empty K-pac bags with 5 search warrant labels from 245D-WF-<br>24545511/20/2013908 Main Street, Deale, MD (Mike Johnson)See comments for<br>evidence descriptions (no evidence present)All located by Lowery |



| | |
|---|---|
| 37 | Paint can labeled 245F-WF-227911,<br>1b114 barcode E03951642, govt exhibit #20,<br>containing a plastic bag with 3 cans of starting fluid. |
| 38 | Plastic ziploc 245F-WF-227911, govt exhibit #SW-WG-4,<br>containing 5 cans of starter fluid |
| 39 | Paint can labeled 245F-WF-227911, 1b99 barcode E03951635, govt exhibit #21,<br>containing a sealed kpak with bottle of lighter fluid |
| 40 | 1 CD-R labeled 281D-WF-5313986, ITAAC Calls 1D-, agent copy████████████<br>9/3, 8/13, 8/15 |
| 41 | One CD-R labeled Unclassified, Unet Updates, 2/2/07 |
| 42 | FBI paperwork (appears original) from 245D-WF-245455, search warrant<br>11/20/2013, 908 Main Street, Deale, MD, residence of Mike Johnson   Also, FD-340<br>for 245D-WF-2766446, ████████████████   Also, labeled but unused<br>long gun evidence box. |

43   Evidence chain of custody for 245D-WF-244161, 1B141,
     Description  sealed plastic evidence bag containing 2 bags  of suspected  heroine
     acquired on 6/17/2013,  365.8g
     SA Lowry accepted custody on 9/29/14 at 3:50pm "to AUSA review"
     Barcode E4644871

44   19 official record 302s from the following cases·  245D-WF-244309, 245D-WF-
     2766446, 281D-WF-5313986

45   1 Manilla envelope labeled "SEALED" judge Kay, 8/19/14, cell site geolocation search
     warrant for ███████████ (appears to be original paper work)

46   7 spiral notebooks with handwritten notes, 1 black zipper notebook holder with 7
     papers with handwritten notes

47   Numerous law enforcement records checks and one manilla folder labeled ███████
     ███████

48   FBI Lab shipping invoice and lab work sheet for case 281D-WF-244794-Lab

49   Affidavit for application for interception of wire and electronic communications on
     cellular phone ███████████, with affiant SA Matthew A ·Lowry, pages 1-49

50   2 pages of e-mail conversation with header  "███████████ and 1 page of a form
     with SST and CPC Sub-sections

51   1 hand-written piece of paper with list of case numbers, 245D-WF-2766446 1B56,
     245B-WF-244161 1B141, and 245D-WF-2766446 1B235

52   Manila folder labeled ███████and containing multiple photos, Linx reports, other
     database reports and law enforcement forms

53   1 Elsur duplication request form and FD-504c envelope for 281D-WF-5313986 (no
     contents)

54   Application for an order authorizing monitoring GPS info and cell site for ███████
     ███ Electronic Technical request -case 245D-WF-2766446,
     FD-759 for 281D-WF-5313986, brown folder labeled ███████████ materials

55   1 telephone apps report for ███████████, 5 pages

56   1 small ziploc bag, with green leaf printed on bag.  Bag contains tan substance

57   1 piece of paper rolled up with yellow stain on one end

| | |
|---|---|
| 58 | 1 piece of paper rolled up |
| 59 | 1 white card reading "Gate Card Instructions" |
| 60 | Multiple pages from affidavit application for an order authorizing the interception of wire and electronic communications  1 page has handwritten notes on the back of the page. |
| 61 | 3 pen register trap and trace court orders ███████████████████████ ████████████ |
| 62 | Case 281D-WF-5313986 Drug Buy Checklist, Buy #6, 8/29/14, Heroin |
| 63 | One CVS Pharmacy money card, card number ███████████████ |
| 64 | Harrison Square at U Street Metco, 12 hour single use permit 2/1/14, Handwritten note w/ ████████████, MCX FBI marine mart receipt dated 9/17/14, moneygram receipt dated 8/21/14 for $160, DC notice of infraction dated 9/30/14, Handwritten notes |
| 65 | Prince George Co. PD certificate of Appreciation to Matthew Lowry dated 5/2/02, Prince George's Co. PD certificate in recognition of outstanding performance during Feb-April 2002 |
| 66 | Award slip to M Lowry for $1500, On the spot award for M Lowry for $500, FD-281a return for blackberry dated 9/26/14 with handwritten notes on back, FD-281 receipt for blackberry dated 9/26/14 with handwritten notes on back, appointment letter 3/27/09 |
| 67 | 1 page "Milestone smart client user Instructions (pole Cam) |
| 68 | Maryland small arms range, inc receipt dated 5/21/11, Maryland state police application and affidavit to purchase a regulated firearm dated 2/27/07, serial # RAL8045 |
| 69 | IRS documents to Matthew and ████████████, Marland notice of Income Tax Assessment dated 12/27/13 for Marrhew and ████████████, Maryland Notice of Adjustments 2011 |
| 70 | 1 Garmin GPS S/N 34C269657 with power cord |
| 71 | Garmin Nuvi GPS with power cord s/n 1VA853772 |
| 72 | 100% Creatine container with latex gloves inside |
| 73 | 1 pill bottle without label |
| ˙74 | Maxell miniDV Digital Video cassette located in a sony handycam (F1559064) |

75       1 Prince George's Co. Maryland Lieutenant Police Badge

76       1 Metropolitan Police Task Force DC Badge with Handcuff key

77       Camoflauge "Gary" leather key chain with following keys, 2 USPS keys- #X3543 and
         #05548, 1 mercedes electric key, 1 Margarita glass key, and 1 bronze color key with
         #WR5 USA

ATTACHMENT B (REDACTED)

## WFO Evidence Audit Report
## October 2014



### Scope

The purpose of the evidence audit was to identify cases in which SA Mathew Lowry was involved in collecting, transporting, reviewing, or otherwise handling evidence and whether any of this association was unusual. Identified anomalies were organized by case to be reviewed with the District of Columbia's United States Attorney's Office for potential impact on past and current criminal prosecutions. Additionally, anomalies were identified and presented to the Department of Justice, Office of Inspector General. The research began in October 2014 and worked backwards through January 2012, as SA Lowry began to work criminal matters in April 2012, to captured all cases in which SA Lowry was the Case Agent, co-Case Agent, or simply involved in the investigation.

### Methodology

The evidence audit first identified cases in which SA Lowry was involved. Once cases were identified, each item entered into evidence, including drug, valuable, or general items, was reviewed to determine if SA Lowry handled the evidence. If it was determined SA Lowry was associated with the evidence in any way, an on-site, physical review of the original chain of custody and the evidence was conducted. The evidence seals were photographed and original chains of custody sheets were copied. Anomalies were noted.

Cases involving SA Lowry were identified through the following methods:

- Items recovered in a search of his FBI-issued vehicle, which included evidence from current investigations, evidence not yet entered into ███████, and personal items.
- An audit of funds used for narcotics purchases. This included funds requested directly by SA Lowry to Financial Services and a review of the ███████ Expenditures sub-file for each investigation in which he was identified. Funding proceeds were traced to documents supporting drug purchases, such as an Operational Plan or FD-302 memorializing the event, to the entry of the evidence into the Evidence Control Center (ECC)
- Evidence Charge-out Reports ███████
- A review of Evidence Customer Service logs from the ECC documenting when SA Lowry entered the room and for which case
- Evidence Night Depository logs next to the ECC and in the Command and Tactical Operations Center (CTOC) used to secure evidence collected during non-work hours
- Logs listing names and associated case numbers maintained inside the ECC Drug Vault
- Searches of SA Lowry's name in ███████ as an author of a document and participant listing him as participating in an activity

A review of evidence picked-up by SA Lowry from the DEA Laboratory ██████████

A Confidential Human Source validation review ████████████

**Significant Findings**

SA Lowry was identified as either the collecting Agent, the witnessing Agent on the sealing of drug evidence, in a chain of custody, or in possession of evidence at the time of his suspension on multiple cases. The details of each item were outlined on a spreadsheet attached to this report. Although each item collected was reviewed, the spreadsheets only included confirmed instances in which SA Lowry handled evidence  Anomalies and significant findings were highlighted in bold, red font on attached spreadsheets  They included:

████████████ (245D-WF-2766446)

Evidence item 1B4—Heroin drug evidence obtained through a controlled purchase from ████████ on 06/05/2013. ████████████ collected, sealed, and entered into ECC storage on the same date as the purchase  SA Lowry checked the item out on 08/05/2013 indicating "to lab" on the chain of custody  The item was delivered to the DEA Laboratory on 06/30/2014 and picked up from the DEA Lab on 09/09/2014, then re-entered into the ECC on the same date. The DEA Lab report identified the substance as "Heroin Hydrochloride," which is an anomaly.  The bar code sticker on the packaging appears to have been damaged and likely tampered  The original sealed gross weight documented by ████████ on 6/5/2013 was 54 8 grams (g); however DEA report listed the gross weight on 06/30/2014 as 55.9 g.

Evidence item 1B5—Heroin drug evidence obtained through a controlled purchase from ████████ on 07/05/2013  SA Lowry collected, sealed, and entered this into ECC storage on the same date. SA Lowry checked the item out on 07/11/2013, indicating on the chain of custody "to weigh."  He charged the evidence back into the ECC on 07/19/2013. He utilized the Night Depository to return the evidence, but dropped it off at 8:55 AM. The ECC retrieved the evidence at 12:50 PM that same day and re-entered it  SA Lowry checked the heroin out again on 08/20/2013, but did not deliver it to the DEA until 06/30/2014.  This item was picked-up from the DEA Lab on 09/09/2014 and re-entered into the ECC on the same date. The DEA Lab report identified the substance simply as "Heroin." The gross weight on the original seal dated 07/05/2013 was 52 1 g, the DEA Lab report listed the gross weight on 06/30/2014 as 54.8 g

Evidence item 1B8—Heroin drug evidence, weighing 25 8 g, obtained through a controlled purchase from ████████ on 08/09/2013. SA Lowry collected, sealed, and entered this into ECC storage on the same date. SA Lowry charged this evidence item out for review on 09/09/2014.  The item was recovered inside his FBI vehicle on 09/30/2014

Evidence item 1B10—Heroin drug evidence, weighing 428 2 g before packaging, obtained through a seizure at the United States Post Office on Brentwood Rd  SA Lowry collected and entered this evidence into the CTOC safe on the same date, 08/26/2013. SA Lowry checked the heroin out on 09/05/2013, but did not deliver it to the DEA Lab until 06/30/2014  The DEA Lab report indicates receiving a net weight of 415 9 g (gross weight of

461 0 g). The substance tested positive for both Heroin and Creatine  The Evidence Response Team recovered a container labeled "100% Creatine," which had latex gloves inside, from SA Lowry's FBI vehicle on 09/30/2014  The original evidence item's bar code was damaged and there's a possibly the witnessing official's printed name and signature were forged ██████

██████████████████████████████████████████████████████████████████

Evidence item 1B14—Heroin drug evidence, weighing 775 g before packaging (798.7 g with packaging), obtained through a seizure at the United States Post Office on Brentwood Rd  SA Lowry collected and entered this evidence into the CTOC safe on the same date, 11/04/2013. SA Lowry checked this item out of ECC "to process" on 11/05/2013  He returned it to ECC on 11/07/2013, then checked it back out on 01/08/2014  It was not taken to the DEA Lab until 06/30/2014  It was picked-up from the DEA Lab and returned to ECC on 09/09/2014  The DEA Lab report indicated it received a net weight of 764.5 g, which tested positive for heroin and Creatine.

Evidence item 1B56—Seven baggies with heroin, weighing 27 2 Grams, collected from a search warrant targeting Lester Pryor on 12/12/2013. The item was recovered and sealed by ██████████████████ and entered into ECC on the same date. SA Lowry checked the item out of ECC on 09/29/2014 for "AUSA Review "  The k-pac was torn open and recovered in SA Lowry's FBI vehicle on 09/30/2014.

Evidence item 1B84—Two small baggies, one with a brown powder, weighing 62 3 g, collected from a search warrant targeting ████████████ on 12/12/2013. The item was recovered and sealed by ████████████ and entered into ECC on 12/12/2013. SA Lowry checked the item out of ECC on 09/03/2014. The tampered k-pac was recovered in SA Lowry's FBI vehicle on 09/30/2014, with the contents removed.

Evidence item 1B85—Two clear capsules with brown powder inside, weighing 39 3 g, collected from a search warrant targeting ████████████ on 12/12/2013. The item was recovered and sealed by ████████████ and entered into ECC on 12/12/2013. SA Lowry checked the item out of ECC on 09/03/2014  The tampered k-pac was recovered in SA Lowry's FBI vehicle on 09/30/2014, with the contents removed

Evidence item 1B103—a black LG smart phone collected from a search warrant on 12/12/2013 by ████████████  SA Lowry charged the item out on 08/13/2014 "for review "  It was recovered in SA Lowry's FBI vehicle on 09/30/2014

Evidence item 1B105—a dark blue Samsung phone collected from a search warrant on 12/12/2013 by ████████████.  SA Lowry charged the item out on 08/13/2014 "for review "  It was recovered in SA Lowry's FBI vehicle on 09/30/2014

Evidence item 1B235--$4,700 in US currency recovered during a search of Patrick Avent's Acura TL on 12/19/2013. This cash was forfeited, converted to a check, and delivered to the United States Marshals on 05/13/2014. However, during the search of SA Lowry's FBI vehicle on 09/30/2014, a handwritten note was recovered, which consisted of this case and evidence item, as well as case 245D-WF-2766446, evidence items 1B56 and 1B141 The other two evidence items were drug packages taken out of the ECC and later recovered in SA Lowry's vehicle on 09/30/2014, indicating he may have been contemplating the removal of the $4,700 from evidence for his personal use

On 12/12/2013, SA Lowry participated in the arrest of Lester Pryor, as documented in a FD-302, serial 118, written by ████████. In addition to the arrest, Pryor's vehicle was seized by asset forfeiture agents. The keys to the vehicle were located in pants belonging to Pryor. The FD-302 documented "SA Matt Lowry seized $736.00 from the same pair of Pryor's pants in the master bedroom SA Lowry submitted the currency as evidence." However, an extensive review of this case file revealed the seizure and disposition of Pryor's vehicle, but not the $736.00 The currency was not entered into evidence.

The following evidence items were recovered during a search warrant targeting George Johnson on 05/22/2014. The evidence was not entered into the ECC until two weeks later, on 06/05/2014. The handwriting and signatures on the sealing form appear to be completed with the same writing instrument and by the same person

- 1B247—Two tins, one which contained a bag with a brown powdery substance, weighing 213 4 Grams (including the tins).
- 1B248—A zip bag containing a white powdery substance, weighing 22 9 g
- 1B249—A yellow zip bag with residue weighing 23.2 Grams
- 1B250—Several bags containing a brown and white substance described as heroin, weighing 44g This item was charged out of ECC by SA Lowry on 08/25/2014 and recovered in his FBI vehicle on 09/30/2014.
- 1B251—A bag containing a white rock substance weighing 25 5 g

Evidence item 1B252—Two bottles labeled "Quinine" containing a white powdery substance were also recovered during a search warrant targeting George Johnson on 05/22/2014. This item was entered into ████, but never finalized or actually delivered to the ECC. It was recovered in SA Lowry's FBI vehicle on 09/30/2014 (Note· Quinine is routinely used by drug dealers as a cutting agent )

The following items were entered into evidence under this file name and ████████
████. They were controlled purchases of heroin from ████████ and have similar anomalies The items were purchased on different dates, but each was not entered into the ECC until the same date of 09/11/2014 Also, the seal was witnessed by ████████, an agent assigned at WFO, so it was unusual for evidence to have been purchased in Washington DC, and

then transported to the Cross Border Task Force in Maryland, then back to the ECC in Washington

- ○ 1B258—A controlled purchase of 7 0 g of heroin on ███████
- ○ 1B259-- A controlled purchase of 5 0 g of heroin on ███████

███████████████████ (281D-WF-5313986)
    The following four evidence items were controlled purchases of heroin from ███████ and have similar anomalies  The items were purchased on different dates, but each was not entered into the ECC until the same date of 09/11/2014. The seal was witnessed by ███ ██████, an agent assigned at WFO, so it was unusual for evidence to have been purchased in Washington DC, and then transported to the Cross Border Task Force in Maryland, then back to the ECC in Washington

- ○ 1B1—A controlled purchase of 10 g of heroin on ███████
- ○ 1B2—A controlled purchase of 15 g of heroin on
- ○ 1B3—A controlled purchase of 15 g of heroin on
- ○ 1B4—A controlled purchase of 15 g of heroin on

████████████████ (281D-WF-5327944)
    The following three evidence items were controlled purchases of heroin from ███████ and have anomalies similar to the ██████ case.  The items were purchased on different dates, but each was not entered into the ECC until the same date of 09/11/2014.  The seal was witnessed by ███████, an agent assigned at WFO, so it was unusual for evidence to have been purchased in Washington DC, and then transported to the Cross Border Task Force in Maryland, then back to the ECC in Washington.

- ○ 1B2—A controlled purchase of 3 g of heroin on ███████
- ○ 1B3—A controlled purchase of 4.83 g of heroin on
- ○ 1B1—A controlled purchase of 2.85 g of heroin on

    Additionally, there was a drug purchase on 09/04/2014 from ██████, consisting of 8.1 g of suspected heroin, which was never entered into evidence.  On 09/02/2014, ███████ submitted a request for $960.00 to be used for a drug-buy  Records indicate $800.00 was ultimately used for the drug-buy and $160.00 was returned to the Financial Services Unit  Additionally, the case file contains an approved Operational Plan (serial 5) dated 09/03/2014 which was prepared by ██████ and identifies SA Lowry as "surveillance/source handling." Lastly, an FD-302 (serial 6) dated 09/05/2014 prepared ███████ memorializes the drug purchase and submits a consensual recording labeled 1D-2.

████████████████ (245B-WF-244161)

In this case, SA Lowry handled three evidence items, but only two had anomalies. 1B135 was a purchase of 27.3 g of heroin originally collected on 10/12/2012 through a controlled purchase from ███████████ It was entered into the ECC, taken to the DEA Lab on 11/09/2012, and returned from the DEA Lab on 04/10/2014 by ███████████. On 09/15/2014, SA Lowry charged it out of evidence and indicated "to lab" on the chain of custody The packaging was recovered, sliced open, in his Bucar on 09/30/2014

Evidence item 1B141, two bags of suspected heroin weighing 365 8 g, originally collected on 06/17/2013 by ███████████, was charged out by SA Lowry on 09/29/2014, "for AUSA review" It was recovered in his FBI vehicle on 09/30/2014.

███████ (245D-WF-245455)

SA Lowry was the team leader in the execution of a search warrant on 11/20/2013 at 908 Main Street, Deale, Maryland. He collected 14 firearms, two bags of various ammunition, a digital scale, and a glass jar containing a green leafy substance. He began the evidence chain in ██████ for 12 of the firearms, the two bags of ammunition, and the digital scale However, he did not finalize and enter the ammunition or scale into the ECC. He also did not start the evidence chain for the glass jar containing a green leafy substance or two of the firearms, a Derringer pistol and Remington shotgun On 12/30/2013 SA Lowry wrote a FD-302 to document the collection of these weapons, approved the report himself, but still did not enter the items into evidence. During the search of SA Lowry's FBI vehicle on 09/30/2014, the two weapons, a glass jar containing a green leafy substance, the bags of ammunition, and the digital scale were recovered, along with original paperwork from the search executed on 11/20/2013.

██████████ (281D-WF-244794)

Evidence item 1B11—6 0 g of heroin collected on 01/17/2012 from ██████. SA Lowry checked the evidence out of the ECC on 11/07/2013. He verbally charged the evidence in and out of the ECC on 04/08/2014 to update the charge-out sheet due to the field-wide evidence audit. The evidence k-pac bag was recovered in SA Lowry's FBI vehicle on 09/30/2014, sliced open and drugs removed

██████████ (245D-WF-244309)

Evidence item 1B79—13.3 g of heroin collected on 11/08/2012 from ██████ by ██████ and ██████ SA Lowry charged the evidence out "to lab" on 07/26/2013. He checked it back into the ECC on 09/05/2013. The bar code sticker appears to have been tampered with The original drug package weight was 59.5 g as of 11/8/2012. When it was re-weighed on 10/06/2014 by ██████ and ██████, the package weight was 61 3 g

Evidence item 1B93—18 9 g of brown powdery substance collected as part of a controlled purchase from ██████ on 08/07/2013 The evidence was checked out by SA Lowry on 08/12/2013 "to re-weigh," then checked back into the ECC on 09/05/2013. █ ██████s signature on the sealing sticker may not be his original The barcode on the current

package is different than the original barcode; the original drug package weight was 45 8 g, but when it was weighed on 10/16/2014 by ███████████████, the packaging weight was 51 7 g

████████ (245D-WF-244401)
    Evidence item 1B192—a 2-inch pipe with a straw—was collected by SA Lowry on 11/29/2012  He sealed it, with ███████████ witnessing it, on 11/30/2012, but SA Lowry did not check it into the ECC until 12/05/2012

████████████ (245D-WF-2850987)   ;
    SA Lowry was referenced as a participant in two search warrants, as well as a cash count  Concerning the cash count, there was a search warrant executed in Accokee, Maryland in which multiple packages of cash were seized  The currency was counted by SA Lowery, ███████████, and ███████████████  A subsequent count was done which revealed it was approximately $130,000 short  This was noted in a FD-302

Conclusions
    The first significant evidence issue, defined as SA Lowry charging drug evidence out of the ECC without a reasonable explanation, occurred in the ███████████████ case on 07/11/2013  He returned it to the ECC via the night deposit vault on 07/19/2013 at 8 55 am. The next anomaly occurred on 07/26/2013, when SA Lowry checked out heroin on the ████████ case until 09/05/2013  On 08/12/2013, he checked out another 18.9 g of heroin on the ████████████████ case, which was also returned on 09/05/2013
    There were four items, all from ███████████████, which were in his possession between eight and eleven months beginning from the time he checked them out of the evidence room until they were delivered to the DEA Lab  The total drug weight of these four items was approximately 1,276 6 grams
    The total drug weight of the six items recovered in SA Lowry's vehicle was approximately 527.9 g